IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GALLANT BLAZER, INC.,          )
PRESIDENT JAMES R.             )
JOBES, TERRANCE GADSON,        )
BRACEY DIXON, FRED             )
COOPER, ANEL COLLINS,          )
and COREY FERRELL,             )
                               )
          Plaintiffs,          )
                               )
     v.                        )    Civ. No. 05-479-SLR
                               )
CITY OF WILMINGTON FIRE        )
DEPARTMENT,                    )
                               )
          Defendant.           )

**MEMORANDUM ORDER**

Plaintiffs, who proceed pro se, filed this discrimination

lawsuit on July 11, 2005. (D.I. 1) After plaintiffs failed to

respond to a show cause order, on March 13, 2006, the court

dismissed the case without prejudice for failure to timely serve

process as required by Fed. R. Civ. P. 4. (D.I. 3) Plaintiffs

Bracey C. Dixon, Jr., Terrance Gadson, and Correy Ferrell move

for reconsideration and seek a reopening of case so that they can

move forward with the case. (D.I. 4)

The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered

evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985). A motion for reconsideration may be granted if the moving

party shows: (1) an intervening change in the controlling law;

(2) the availability of new evidence that was not available when

the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

It is a well settled principle that district courts, upon determining that process or service of process is insufficient, have broad discretion in dismissing a plaintiff's complaint. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). In determining whether to dismiss a complaint, or grant a plaintiff an extension of time to serve a defendant, the court utilizes a two step procedure. McCurdy v. American Bd. Of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). First to be determined is whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

Granting the motion for reconsideration is appropriate in this case. When the court dismissed the case for lack of service, the court was unaware that the majority of the plaintiffs had not received notice of the order to show cause why the case should not be dismissed for failure to timely serve. Nor was the court aware that plaintiffs Dixon, Gadson and

-2-

Ferrell's addresses were not provided to the court with the original complaint. Indeed, the moving plaintiffs advise the court that they were never informed by the court or by the first named plaintiff, James R. Jobes, of orders entered by the court or the Rule 4 service requirements. Interestingly, the first named plaintiff, James R. Jobes, and another plaintiff, Anel Collins, recently filed a "request to be removed from this civil action" which the court construes as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a). (D.I. 5)

Plaintiffs have demonstrated good cause for their failure to serve. The first named co-plaintiff, whose address was the only one originally provided to the court, failed to advise the remaining plaintiffs of the service requirements and/or court orders. Moreover, the moving plaintiffs had no notice of the service requirements or dismissal of the case. Once they discovered, inadvertently, that the case had been dismissed for failure to serve, the moving plaintiffs promptly moved the court to reopen the case and allow the case to proceed.

As a housekeeping matter, the court notes that Gallant Blazer, Inc. is a named plaintiff and appears pro se. However, Gallant Blazer, Inc., as a corporation, is not permitted to appear in that status. A corporation cannot appear pro se or by a representative of the corporation, and may only participate in litigation through licensed counsel. <u>Rowland v. California Men's</u>

Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217 (1993);
Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1996).

Therefore, Gallant Blazer, Inc. is given thirty days from
the date of this order to obtain counsel.  Failure to obtain
counsel will result in the dismissal of Gallant Blazer, Inc. as a
plaintiff in this case.

IT IS THEREFORE ORDERED, at Wilmington this 14th day of
June, 2006, that:

1.    The motion to reconsider (D.I. 4) is GRANTED.

2.    The clerk of the court is directed to reopen the case.

3.    The motion to voluntarily dismiss (D.I. 5) is GRANTED,
the claims brought by James Jobes and Anel Collins are DISMISSED
WITHOUT PREJUDICE, and they are dismissed as a party plaintiffs.

4.    Gallant Blazer, Inc. is given THIRTY (30) days from the
date of this order to obtain counsel.  Failure to obtain counsel
will result in the dismissal of Gallant Blazer, Inc. as a
plaintiff in this case.

5.    Plaintiffs shall effectuate proper service upon
defendants in accordance with Federal Rule of Civil Procedure 4
within THIRTY (30) days from the date of this order.

**Plaintiffs, who proceed pro se, are advised that future
filing must be signed by all plaintiffs.  Filings made on behalf
of all plaintiffs, and that are not signed by all plaintiffs will**

-4-

**be stricken by the court.**

UNITED STATES DISTRICT JUDGE