IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Gallant Blazer, Inc., President James R. Jobes:
Terrance Gadson, Bracey C. Dixon, Jr.,
Fred Cooper, Anel Collins and        :
Corey Ferrell        :
        :
        Plaintiffs,        :
        :
        v.        :    C.A. No. 05-479 SLR
        :
City of Wilmington Fire Department,        :
        :
        Defendant.        :

DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Andrea J. Faraone, Esquire (I.D. #3831)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

Dated:  June 26, 2006

## TABLE OF CONTENTS

PAGE

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     I.     Motion to Dismiss Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     II.    Plaintiffs Have Failed to State a Valid Claim Under Title VII Because They Cannot Demonstrate That They Have Exhausted Their Administrative Remedies . . . . . . . . . . 7

     III.   The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Defendant Wilmington Fire Department Is Not a Separate Juridical Entity from the City of Wilmington and Is, Therefore, Not Subject to Suit . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     IV.   Plaintiffs' Complaint Fails to State a Valid Claim Against the Wilmington Fire Department for Damages in Excess of $300,000.00 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

     V.    Plaintiffs' Complaint Fails to State a Valid Claim Against the Wilmington Fire Department for Punitive Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF CITATIONS

## CASES

*AMTRAK v. Morgan* , 536 U.S. 101(2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Arots v. Salesianum Sch., Inc.*, 2003 U.S. Dist. LEXIS 10171 (D. Del. Jun. 17, 2003) . . . . . . . . . . . . 10

*Barnes v. Rozman*, 2004 U.S. App. LEXIS 15772 (3d Cir. Jul. 30, 2004) . . . . . . . . . . . . . . . . . . . . . . . 7

*Bianchi v. City of Philadelphia*, 183 F.Supp.2d 726 (E.D. Pa. Jan. 7, 2002) . . . . . . . . . . . . . . . . . . . . 15

*Blackshear v. City of Wilmington*, 15 F.Supp.2d 417 (D.Del. 1998) . . . . . . . . . . . . . . . . . . . . . . . 18, 19

*Branum v. UPS, Inc.*, 232 F.R.D. 505 (W.D. Pa. Dec. 23, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Brown v. Pfaff*, 2004 U.S. Dist. LEXIS 3944(D. Del. Mar. 3, 2004) . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543(D. N.J. 2000) . . . . . . . . . . . . . . . 18

*Capozzi v. City of Olean*, 910 F.Supp. 900 (W.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Communication Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213 (3d Cir. 2002) . . . . . 12, 13

*Crawford v. Pennsylvania*, 2003 U.S. Dist. LEXIS 16358 (M.D. Pa. Sept. 12, 2003) . . . . . . . . . . . . . 16

*Darby v. Pasadena Police Dep't*, 939 F.2d 311(5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Davis v. Wilmington Police Force at Wilmington City Hall*, C.A. No. 88-72-LON (Jan. 18, 1989) . . . 15

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Douglas v.  Healy*, 2003 U.S. Dist. LEXIS 4922 (E.D. Pa. Feb. 28, 2003) . . . . . . . . . . . . . . . . . . . . . . 15

*Gaines v. University of Pennsylvania Police Department*,
       1997 U.S. Dist. LEXIS 15460 (E.D. Pa. Oct. 6, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Jamison v. Wilmington Police Dep't*, 2004 WL 2434298 (D. Del. Oct. 12, 2004) . . . . . . . . . . . . . . . . 17

*M.O.C.H.A. Society, Inc. v. City of Buffalo*, 199 F.Supp.2d 40 (W.D.N.Y. 2002) . . . . . . . . . . . . . . . . 16

*Morse v. Lower Merion Sch. Dist.*,132 F.3d 902 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*O'Connor v. City of Newark*, 440 F.3d 125 (3d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12

*Padilla v. Township of Cherry Hill*, 2004 U.S. App. LEXIS 20763 (3rd Cir. Oct. 5, 2004) . . . . . . 15, 17

*Paredes v. City of Odessa*, 128 F. Supp. 2d 1009 (W.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Parker v. Royal Oak Enter.*, 2003 U.S. App. LEXIS 26471 (3d Cir. Dec. 29, 2003) . . . . . . . . . . . . . . 10

*PBA Local No. 38  v. The Woodbridge Police Department*, 832 F. Supp. 808 (D. N.J. 1993) . . . . . . . 16

*Reed v. Hartford Police Dep't*, 2004 U.S. Dist. LEXIS 6237 (D. Conn. Apr. 6, 2004) . . . . . . . . . . . . 18

*Regalbuto v. City of Philadelphia*, 937 F.Supp. 374 (E.D. Pa. Dec. 12, 1995)
    *aff'd*, 91 F.3d 125 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Rizzitiello v. McDonald's Corp.*, 2001 U.S. Dist. LEXIS 15747 (D. Del. Sept. 21, 2001) . . . . . . . . . . . 7

*Robinson v. Dalton*, 107 F.3d 1018 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Smith-Berch, Inc. v. Baltimore County* , 68 F.Supp. 2d 602 (D. Md. 1999) . . . . . . . . . . . . . . . . . . . . . 16

*Thomas v. City of Philadelphia*, 2002 U.S. Dist. LEXIS 12264 (E.D. Pa. Feb. 7, 2002) . . . . . . . . . . . 15

*Thomas v. Wilmington Police Department*, 1994 Del. Super. LEXIS 266 ( Del. Super. Ct. 1994) . 14, 15

*Tibbs v. Williams*, 263 F.Supp.2d 39 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tillman v. Pepsi Bottling Group, Inc.*, 2005 U.S. Dist. LEXIS 18891 (D. Del. Aug. 30, 2005) . . . . . . . 6

*Washington v. Wilmington Police Department*, 1995 Del. Super. LEXIS 472 (Del. Super. 1995) . . . . 15

*Wright v. Pepsi Cola Co.*, 243 F.Supp.2d 117 (D. Del. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Yang v. Astrazeneca,* 2005 U.S. Dist. LEXIS 1825 (E.D. Pa. Feb. 10, 2005) . . . . . . . . . . . . . . . . . . 6, 7

*Zombro v. Baltimore City Police Department*, 868 F.2d 1364 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . 16

## STATUTES

42 *U.S.C.* § 1981  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16

42 *U.S.C.* § 1981a(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

42 *U.S.C.* § 1981a(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

42 *U.S.C.* § 1981a(b)(3)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

42 *U.S.C.* § 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16, 17, 18

42 *U.S.C.* §1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16

42 *U.S.C.* §1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Wilmington City Charter, § 3-100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 14, 15

## RULES

*Fed. R. Civ. P.* 4(m)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Fed. R. Civ. P* 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6, 20

*Fed. R. Civ. P.* 17(b)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Fed. R. Civ. P.* 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 12

*Fed. R. Civ. P.* 41(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs Gallant Blazer, Inc. ("Gallant Blazer"), James R. Jobes, Terrance Gadson, Bracy Dixon, Fred Cooper, Anel Collins and Corey Ferrell ("Plaintiffs"), filed their Complaint (hereinafter the "Complaint" or the "Jobes Complaint") in this action (hereinafter the "Jobes Case") on July 11, 2005. (*See* Jobes Complaint, A-1-3; Jobes Case Docket Entry No. 1, A-7). Plaintiffs' Complaint alleges that Black and Hispanic employees of the Wilmington Fire Department, as a whole, are being discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). (*See* Jobes Complaint, A-2, ¶ 9). More specifically, the Complaint asserts that Black and Hispanic firefighters are disciplined more severely than Whites and that the Wilmington Fire Department's promotional policies and practices have a disparate impact on Blacks and Hispanics. (*See id.*) The only defendant named in the Complaint is the City of Wilmington Fire Department (the "Wilmington Fire Department"). (*See* Jobes Complaint, A-1).

Plaintiffs failed to effect service of process on the Defendant within 120 days of filing their Complaint, as required under *Fed.R.Civ.P.* 4(m). (*See* February 10, 2006 Order, A-10; Jobes Case Docket, A-7). Consequently, on February 10, 2006, this Court ordered Plaintiffs to show cause on or before February 28, 2006, as to why their Complaint should not be dismissed for failure to serve process within that time period. (*See* February 10, 2006 Order, A-10). Plaintiffs failed to show cause by the February 28, 2006 deadline, and on March 13, 2006, this Court dismissed Plaintiffs' Complaint without prejudice for failure to serve process within 120 days after the date of filing of the Complaint. (*See* March 13, 2006 Order, A-11).

Plaintiffs Dixon, Gadson and Ferrell subsequently moved for reconsideration of the Court's March 13, 2006 Order, requesting that the case be re-opened. (*See* Request for Reconsideration, A-13). Plaintiffs Jobes and Collins, on the other hand, filed a "request to be removed from this civil action", which the Court construed as a motion to voluntarily dismiss pursuant to *Fed.R.Civ.P.* 41(a). (*See* Request for Voluntary Dismissal, A-20; June 14, 2006 Memorandum Order, A-24). On June 14, 2006, the Court issued an order granting the motion for reconsideration and allowing voluntary dismissal, without prejudice, of the claims

-1-

brought by Collins and Jobes. (*See* June 14, 2006 Memorandum Order, A-22-26).  The Court ordered Dixon, Gadson, Cooper, Ferrell and Gallant Blazer (collectively, the "Remaining Plaintiffs") to effectuate proper service of process upon the defendant within 30 days after June 14, 2006.  (*See id.*, A-25, ¶ 5).  The Court further ordered that Plaintiff Gallant Blazer was required to obtain counsel within 30 days after June 14, 2006, or its claims would be dismissed.  (*See id.*, ¶ 4).

The Defendant was served with process on June 5, 2006. (*See* Jobes Case Docket, Docket Entry No. 7, A-8).  Prior to that date, neither the Defendant nor the City of Wilmington Law Department had any knowledge of the Complaint filed by Plaintiffs in this action.

To Defendant's knowledge, the only Plaintiff who filed a charge with the Equal Employment Opportunity Commission ("EEOC") or the Delaware Department of Labor ("DDOL") relating to the claims alleged in the Complaint was James R. Jobes. (*See* Jobes Charge of Discrimination, A-28).  Jobes filed his Charge of Discrimination on April 12, 2004.  (*See id.*)  Plaintiffs Gallant Blazer, Gadson, Dixon, Cooper, Collins and Ferrell were not parties to the DDOL and EEOC proceedings initiated by Jobes.  (*See id.*)  The EEOC issued a Dismissal and Notice of Rights (the "Right to Sue Letter") to Plaintiff Jobes on April 20, 2005.  (*See* Jobes Right to Sue Letter, A-29).  The Right to Sue Letter informed Jobes that his Charge of Discrimination was being dismissed because "[b]ased upon its investigation, the EEOC [wa]s unable to conclude that the information obtained establishe[d] violations of the [employment discrimination] statutes." (*See id.*)  The Right to Sue Letter also advised Jobes that he had a right to file a lawsuit against the Wilmington Fire Department under federal law based on his EEOC charge in either federal or state court, and that such lawsuit was required to be filed within 90 days from his receipt of the Right to Sue Letter or his right to sue based on that charge would be lost.  (*See id.*)

The Defendant now moves to dismiss Plaintiffs claims, with prejudice, for failure to state a claim upon which relief can be granted pursuant to *Fed.R.Civ.P.* 12(b)(6).  This is the Defendant's Opening Brief in support of that motion.

**SUMMARY OF ARGUMENT**

1.      The Remaining Plaintiffs have failed to state claims upon which relief can be granted
because they cannot demonstrate that they have exhausted their administrative remedies.  In Delaware, to
proceed with a Title VII employment discrimination claim, a plaintiff must file a charge of discrimination
with the EEOC within 300 days of the occurrence of an unlawful act.  This 300-day period has the effect of
a statute of limitations.  After a charge is filed with the EEOC, a plaintiff must exhaust his administrative
remedies.  Before a plaintiff can file a Title VII action in federal district court, he must receive a right to sue
letter from the EEOC.  The Remaining Plaintiffs have not exhausted their administrative remedies because
they neither filed charges with the EEOC nor received right to sue letters with respect to the allegations of
discrimination raised in the Complaint in this action.

2.      The Remaining Plaintiffs cannot cure their fatal defect in failing to exhaust their
administrative remedies because more than 300 days have passed since the discriminatory acts alleged in the
Complaint.  The Remaining Plaintiffs cannot demonstrate any grounds to justify equitable tolling of the 300-
day limitations period.

3.      Nor can Plaintiffs establish that the discrete acts of discrimination alleged in the Complaint
are part of a continuing violation.  Consequently, even if the Remaining Plaintiffs filed EEOC charges
purporting to allege "continuing violations" or a "hostile work environment" claim, the acts of discrimination
alleged in the Complaint in this action would, nevertheless be barred by the 300-day limitations period.  The
United States Supreme Court has established a bright-line distinction between discrete acts which are
individually actionable, and acts which are not individually actionable, but may be aggregated to make out
a hostile work environment claim.  The former must be raised within the 300-day limitations period or they
will not support a lawsuit.  The latter can occur at any time so long as they are linked in a pattern of actions
which continues into the 300 day limitations period.  The Third Circuit has held that discrete acts of
discrimination for which the limitations period begins to run from the date of occurrence of each particular

-3-

act include termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training and wrongful accusation. A plaintiff cannot resurrect time-barred claims alleging discrete acts of discrimination by attempting to aggregate them together with other similar claims and labeling them as "continuing violations" or a "hostile work environment" claim. The Complaint in this action essentially alleges unfair or wrongful discipline of, refusal to hire and failure to promote Black and Hispanic employees of the Wilmington Fire Department. As all of these allegations constitute discrete acts, the Remaining Plaintiffs cannot resurrect these time barred claims in a new action by attempting to aggregate them together with other similar claims and labeling them as "continuing violations" or hostile work environment claims.

4.     The Remaining Plaintiffs are not entitled to the protection of the single filing rule. Under the single filing rule, a plaintiff who has not exhausted his administrative remedies by filing an EEOC charge within the requisite time period and obtaining a right to sue letter, or who has not filed a Title VII action within 90 days of his receipt of a right to sue letter, can join a class action without satisfying these requirements if the original EEOC charge filed by the individual who subsequently filed a class action alleged class-based discrimination. However, the single filing rule does not apply when the subsequent district court action is not a true class action that complies with the requirements of *Fed.R.Civ.P.* 23. The present action does not satisfy the requirements for class action lawsuits under Rule 23. Therefore, the single filing rule does not excuse the Remaining Plaintiffs from the requirement of exhausting their administrative remedies with respect to the claims raised in this action.

.     5.     Because the Remaining Plaintiffs cannot demonstrate that they have exhausted their administrative remedies, they have failed to state a claim upon which relief can be granted. Allowing them to file a new action asserting the same claims as those raised in the Complaint would be futile because more than 300 days have already passed since the acts of discrimination alleged in the Complaint.

6.     The only person or entity named as a defendant in this lawsuit is the Wilmington Fire

-4-

Department. Pursuant to § 3-100 of the *Wilmington City Charter*, the Wilmington Fire Department is merely a department of the City of Wilmington and has no separate corporate existence. It is well-settled that unincorporated municipal departments have no separate legal existence from the municipalities they serve and, therefore, cannot be sued. Because the Wilmington Fire Department is not a separate juridical entity from the City of Wilmington and is not subject to suit, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

7.    The maximum amount of damages that may be awarded in a Title VII employment discrimination case against an employer, such as the City of Wilmington, which has more than 500 employees is $300,000. Defendant Wilmington Fire Department has no separate legal existence from the City of Wilmington. Therefore, Plaintiff's Complaint fails to state a valid claim against the Wilmington Fire Department for damages in excess of $300,000.

8.    Punitive damages are not available against municipalities or other governments, government agencies and political subdivisions under Title VII. The Wilmington Fire Department has no separate legal existence from the City of Wilmington, which is a municipality. Further, as a department of the City, the Wilmington Fire Department clearly constitutes a political subdivision or government agency. Therefore, Plaintiff's Complaint fails to state a valid claim against the Wilmington Fire Department for punitive damages.

## STATEMENT OF FACTS

The Complaint in this action asserts that Black and Hispanic employees of the Wilmington Fire Department, "as a whole", are being discriminated against on the basis of their race in violation of Title VII. (*See* Jobes Complaint, A-2, ¶ 9). Plaintiffs contend that Black and Hispanic firefighters are "disciplined more severely than Whites for similar work rule violations", and that Defendant's "hiring and promotional policies and practices have a disparate impact upon Blacks and Hispanics." (*See id*.) The Complaint demands damages totaling "no less than 5 million dollars", and indicates that other relief sought by Plaintiffs will be "determined at a later date".[1] (*See id*., A-3, ¶ 11).

## ARGUMENT

### I.    Motion to Dismiss Standard

The Court must dismiss a complaint pursuant to Rule 12(b)(6) if, accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, the plaintiff cannot demonstrate any set of facts that would entitle him to relief. *See Tillman v. Pepsi Bottling Group, Inc.*, 2005 U.S. Dist. LEXIS 18891, at *14-15 (D. Del. Aug. 30, 2005). The court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.*,132 F.3d 902, 906 and n.8 (3d Cir. 1997). When deciding a motion to dismiss, the Court may consider documents attached to the motion to dismiss without converting the motion to one for summary judgment if those documents are integral to the plaintiff's claims or are matters of public record. *See id.* at *15; *Branum v. UPS, Inc.*, 232 F.R.D. 505, 507 n.1 (W.D. Pa. Dec. 23, 2005). Courts within the Third Circuit have considered right to sue letters, charges of discrimination and other EEOC documents in deciding motions to dismiss employment discrimination claims on the grounds that those documents were central to the plaintiff's claims and were matters of public record. *See Branum*, 232 F.R.D. at 507 n.1; *Yang v.*

---

[1]  The relevant procedural facts are set forth above in the "Nature and Stage of the Proceedings" section of this Brief. To avoid unnecessary duplication, Defendant will not repeat those facts here, but instead, incorporates them by reference into this section.

*Astrazeneca,* 2005 U.S. Dist. LEXIS 1825, at *6-7 (E.D. Pa. Feb. 10, 2005).

## II.    Plaintiffs Have Failed to State a Valid Claim Under Title VII Because They Cannot Demonstrate That They Have Exhausted Their Administrative Remedies

To proceed with a Title VII employment discrimination claim, a plaintiff must file a charge of discrimination with the EEOC within 300 days of the occurrence of an unlawful act or within 180 days if the individual is in a state that has no administrative agency to resolve discrimination claims. *Rizzitiello v. McDonald's Corp.,* 2001 U.S. Dist. LEXIS 15747, at * 7 (D. Del. Sept. 21, 2001). "Because Delaware has such an agency, the appropriate filing time is 300 days." *Id.* This 300 day period has the effect of a statute of limitations. *Barnes v. Rozman,* 2004 U.S. App. LEXIS 15772, at *203 (3d Cir. Jul. 30, 2004)(citing *Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir. 1997)). After a charge is filed with the EEOC, a plaintiff must exhaust his administrative remedies. *Rizzitiello,* 2001 U.S. Dist. LEXIS 15747, at *7. Before a plaintiff can institute a Title VII action in federal district court, he must receive a right to sue letter from the EEOC. *Id.* at *7-8.

Plaintiffs, Gadson, Ferrell, Cooper, Dixon and Gallant Blazer have not exhausted their administrative remedies because they never filed charges with the DDOL or EEOC relating to the allegations of discrimination raised in the Complaint in this action. Defendant is not aware of any DDOL or EEOC charges of discrimination ever being filed by Plaintiffs Gadson, Ferrell, Cooper, or Gallant Blazer.[2] Plaintiff Dixon filed an unrelated charge of discrimination and retaliation with the EEOC on December 1, 2003, which asserted claims only on Dixon's own behalf. (*See* Dixon Charge of Discrimination, A-31-32). However, unlike the Complaint in the present action, Dixon's EEOC charge did not allege class-based discrimination

---

[2]  Paragraph 6 of the Complaint in this action asserts in a conclusory manner that "Plaintiff(s) filed charges with the EEOC . . . ." (*See* Jobes Complaint, A-2, ¶ 6). However, the Complaint does not specify which of the Plaintiffs filed charges with the EEOC or the date such charges were filed. (*See id.*) Nor does the Complaint attach copies of any charges filed with the EEOC. (*See id.* A-1-3). It is well settled that a court need not credit a complaint's "bald assertions" when deciding a motion to dismiss. *See Morse,*132 F.3d at 906 and n.8. Despite this conclusory assertion, the Remaining Plaintiffs cannot demonstrate that they filed any charges with either the EEOC or the DDOL with respect to the claims of discrimination asserted in this action.

on behalf of all Black and Hispanic employees of the Wilmington Fire Department. (*Compare* Dixon Charge of Discrimination, A-31-32, *with* Jobes Complaint, A-1-3).[3]  Thus, Plaintiff Dixon has, likewise, failed to exhaust his administrative remedies with respect to the claims of discrimination raised in this action. Although Plaintiff Jobes did file a charge with the EEOC relating to the claims raised in the present case, Jobes' claims in this action have been voluntarily dismissed.[4]  (*See* Jobes Charge of Discrimination, A-28; June 14, 2006 Memorandum Order, A-25, ¶ 3).

Plaintiffs Gadson, Ferrell, Cooper, Dixon and Gallant Blazer have also failed to exhaust their administrative remedies because they cannot demonstrate that they each received a right to sue letter from the EEOC.  "As a prerequisite to a valid Title VII claim, a plaintiff must file a charge of discrimination with the EEOC and show that he has received a right to sue letter."  *Wright v. Pepsi Cola Co.*, 243 F.Supp.2d 117, 122 (D. Del. 2003).  In *Wright*, the District of Delaware dismissed the plaintiff's Title VII claim for failure to state a claim upon which relief could be granted where the complaint failed to allege or otherwise demonstrate that the plaintiff had filed a charge of discrimination with the EEOC and received a right to sue letter.  *See id.*  In the present case, the Complaint neither alleges that any of the Plaintiffs received a right to sue letter nor attaches copies of any right to sue letters.  (*See* Jobes Complaint, A-1-3).  Indeed, Plaintiffs Gadson, Ferrell, Cooper and Gallant Blazer cannot demonstrate that they received a right to sue letter because they never filed charges of discrimination with the DDOL or the EEOC.  Although Plaintiff Dixon received a right to sue letter with respect to his unrelated charge of discrimination dated December 1, 2003, alleging claims on his own behalf, he neither filed an EEOC charge nor received a right to sue letter with

---

[3]   Dixon has file a separate action in this Court (Civil Action No. 06-344) with respect to his individual claims asserted in his December 1, 2003 Charge of Discrimination.  (*See* Dixon Complaint, A-35-38).

[4]   The Charge of Discrimination dated April 12, 2004 was filed by James Jobes individually. (*See* Jobes Charge of Discrimination, A-28).  None of the Remaining Plaintiffs were parties to that EEOC proceeding.  (*See id.*)

respect to the claims of disparate treatment raised in the present action on behalf of all Black and Hispanic employees of the Wilmington Fire Department. (*See* Dixon Charge of Discrimination, A-31-32; Dixon Right to Sue Letter, A-40; Jobes Complaint, A-1-3).  The only Plaintiff who received a right to sue letter with respect to the claims of discrimination asserted in the present action was James Jobes.  (*See* Jobes Right to Sue Letter, A-29; *compare* Jobes Charge of Discrimination, A-28, *with* Jobes Complaint, A-1-3).  However, none of the other Plaintiffs were parties to the EEOC proceeding initiated by Jobes, and Jobes' claims in the present action have been voluntarily dismissed.  (*See* Jobes Charge of Discrimination, A-28; June 14, 2006 Memorandum Order, A-25, ¶ 3).

The Remaining Plaintiffs cannot cure the fatal defect in failing to exhaust their administrative remedies now because more than 300 days have passed since the discriminatory acts alleged in the Complaint.  The acts of discrimination alleged in the Complaint in this action are substantially the same as those asserted in the EEOC Charge of Discrimination dated April 12, 2004, that was filed by James Jobes. (*Compare* Jobes Charge of Discrimination, A-28, *with* Jobes Complaint, A-1-3).  In that Charge of Discrimination, Jobes listed the earliest and latest dates the alleged discrimination took place as June 2, 2003, and March 8, 2004, respectively.  (*See* Jobes Charge of Discrimination, A-28).  Given that more than 300 days have passed since March 8, 2004, Plaintiffs' claims are now barred by the 300-day limitations period. Even assuming *arguendo* that Plaintiffs' Complaint in this action alleges acts of discrimination occurring up to July 11, 2005, the date of filing of the Complaint (*see* Jobes Complaint, A-3; Jobes Case Docket Entry No. 1, A-7), Plaintiffs' claims are time-barred nonetheless because more than 300 days have already passed since July 11, 2005.  The Remaining Plaintiffs cannot cure their failure to exhaust administrative remedies because if they file an EEOC charge at some point in the future, all claims arising from alleged acts of discrimination occurring more than 300 days prior to the date of filing of such charge will be barred by the statute of limitations.

The Remaining Plaintiffs cannot demonstrate any grounds to justify equitable tolling of the 300-day

limitations period.  "Although the time limitation for filing with the EEOC may be equitably tolled, the doctrine of equitable tolling is to be applied 'sparingly.'" *Parker v. Royal Oak Enterprises, Inc.*, 2003 U.S. App. LEXIS 26471, at *6 (3d Cir. Dec. 29, 2003)(quoting *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002). The Third Circuit has identified three principal situations in which tolling of the 300-day period may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his rights mistakenly in the wrong forum.' *Id.* at *6.  A plaintiff's pro se status alone does not justify equitable tolling.  *See Arots v. Salesianum Sch.,* 2003 U.S. Dist. LEXIS 10171, at * 10-11 (D.Del. June 17, 2003).  The plaintiff has the burden of establishing grounds for equitable tolling of the 300-day period.  *See Parker*, 2003 U.S. App. LEXIS 26471, at *6.  Plaintiffs cannot adduce any facts establishing any of these grounds for equitable tolling.

Nor can Plaintiffs establish that the discrete acts of discrimination alleged in the Complaint are part of a continuing violation. (*See* Jobes Complaint, A-1-2, ¶¶ 1, 9).  Thus, even if the Remaining Plaintiffs were to file EEOC charges purporting to allege "continuing violations", the acts of discrimination alleged in the Complaint in this action would, nevertheless, be time-barred because more than 300 days have passed since their occurrence.  In *AMTRAK v. Morgan*, 536 U.S. 101, 110, 113 (2002), the Supreme Court held that a discrete act of discrimination is not actionable if time-barred by the 180 or 300 day limitations period for filing Title VII charges with the EEOC, even if it is related to acts alleged in a timely-filed charge.  As the Court explained, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.* at 113.  An EEOC charge, therefore, must be filed within the applicable 180 or 300 day time period after each such discrete act occurred.  *See id.*

Morgan established a bright-line distinction between discrete acts which are individually actionable, and acts which are not individually actionable, but may be aggregated to make out a hostile work environment claim.  *See O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006)(construing *Morgan*,

536 U.S. 101). The former must be raised within the applicable limitations period or they will not support a lawsuit. *See id.* (construing *Morgan*, 536 U.S. at 113). The latter can occur at any time so long as they are linked in a pattern of actions which continues into the applicable limitations period. *See id.* (construing *Morgan*, 536 U.S. at 105). The Third Circuit has held that discrete acts of discrimination for which the limitations period begins to run from the date of occurrence of each particular act include termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training and wrongful accusation. *See id.*, (construing *Morgan*, 536 U.S. at 114).

In *O'Connor v. City of Newark*, 440 F.3d 125, 129 and n.6 (2006), the Third Circuit made clear that a plaintiff cannot resurrect time-barred claims alleging discrete acts of discrimination by attempting to aggregate them together with other similar claims and labeling them "continuing violations" or a "hostile work environment" claim. In *O'Connor*, which involved claims pursuant to 42 *U.S.C.* §§ 1983, 1985 and 1986, the plaintiff,[5] a police lieutenant, alleged that the defendants engaged in severe retaliation against him to punish him for the exercise of his First Amendment rights. *See id.* at 126, 129. The specific acts of retaliation alleged in the complaint were that the defendants denied the plaintiff a promotion; failed to expunge his disciplinary record; transferred him to a position under the command of a superior officer who was hostile to him; provided him with inadequate staff and resources; assigned him excessive work; changed his work schedule; filed unwarranted disciplinary complaints against him; failed to credit him with overtime; awarded him a medal but failed to invite his family to the ceremony; and failed to give sufficient commendations to his unit. *See id.* at 126, n.1. The plaintiff also alleged he was subjected to threats and assaults by other police officers. *See id.* With minor exceptions, all of the events described in the plaintiff's complaint were outside the applicable two year statute of limitations. *See id.* at 127. There were no acts occurring within the 2 year limitations period which, standing alone, were sufficient to support liability. *See*

---

[5] In *O'Connor*, 440 F.3d at 128, the Third Circuit extended the holding of *Morgan* from Title VII claims to claims arising under other federal statutory provisions governing employment law.

*id.* The plaintiff argued that the statute of limitations should be equitably tolled because his complaint alleged a "hostile work place environment" claim involving a "continuing violation". *Id.* The Third Circuit rejected this argument, holding that nearly all of the complaint's allegations fell into the category of discrete acts, and under *Morgan*, they could not be aggregated under a continuing violation or hostile work place environment theory. *Id.* at 127, 129. Because these time-barred discrete acts could not be aggregated to make out a hostile work environment claim, the Third Circuit affirmed the district court's grant of summary judgment in favor of the defendants, holding that the plaintiff's claims were barred by the applicable statute of limitations. *Id.* at 129.

In the present case, the Complaint essentially alleges unfair or wrongful discipline of, refusal to hire and failure to promote Black and Hispanic employees of the Wilmington Fire Department. (*See* Jobes Complaint, A-1-2, ¶¶ 1, 9). All of these allegations fall within the category of "discrete acts" under *Morgan* and *O'Connor. See Morgan*, 536 U.S. at 114; *O'Connor*, 440 F.3d at 127. Consequently, the Remaining Plaintiffs cannot resurrect these time-barred claims in a new action by attempting to aggregate them together with other similar claims and labeling them as "continuing violations" or "hostile work environment" claims.

The single filing rule does not excuse Plaintiffs Gadson, Ferrell, Cooper, Dixon and Gallant Blazer from the requirement of exhausting their administrative remedies with respect to the claims raised in this action. Under the single filing rule, a plaintiff who has not exhausted his administrative remedies by filing an EEOC charge within the requisite time period and obtaining a right to sue letter, or who has not filed a Title VII action within 90 days of his receipt of a right to sue letter, can join a class action without satisfying these requirements if the original EEOC charge filed by the individual who subsequently filed a class action alleged class-based discrimination. *See Communication Workers of Am. v. New Jersey Dep't of Pers.*, 282 F.3d 213, 217 (3d Cir. 2002). However, the Third Circuit has held that the single filing rule does not apply when the subsequent district court action is not a true class action which complies with the requirements of class certification and the associated procedural due notice and fairness safeguards under *Fed.R.Civ.P.* 23.

-12-

*See id.* at 217-18.  In *Communication Workers of Am.*, the Third Circuit expressly rejected the argument that the single filing rule applies when the subsequent district court action alleges class-based discrimination and is brought by an entity based on associational standing, yet does not meet the requirements for class actions under Rule 23.  *See id.* at 218.  In the present case, although the Complaint may be deemed to allege class-based discrimination, this action does not meet the requirements for class action lawsuits under Rule 23.  (*See* Jobes Complaint, A-1-3; Jobes Case Docket, A-6-8).

Because Plaintiffs cannot demonstrate that they have exhausted their administrative remedies, they have failed to state a claim upon which relief can be granted.  Allowing the Remaining Plaintiffs to file a new action asserting the same claims as those raised in the Complaint in this action would be futile, because more than 300 days have already passed since the acts of discrimination alleged in the Complaint.

III.   **The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because Defendant Wilmington Fire Department Is Not a Separate Juridical Entity from the City of Wilmington and Is, Therefore, Not Subject to Suit**

Plaintiff brings this cause of action against the Wilmington Fire Department.  (*See* Jobes Complaint, A-1).  However, Defendant is merely a department of the City of Wilmington and has no separate existence of its own subjecting it to suit.  The Complaint, therefore, fails to state a claim upon which relief can be granted because Plaintiffs cannot maintain a cause of action against the Wilmington Fire Department, which is the only person or entity named as a defendant in this lawsuit.  (*See* Jobes Complaint, A-1).

The capacity of an entity such as a fire or police department to sue or be sued is "determined by the law of the state in which the district court is held."  *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1013 (W.D. Tex. 2000) (citing *Fed. R. Civ. P.* 17(b)); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)(dismissing Title VII suit against police department because department was not a legal entity for purposes of a lawsuit).  In order for a plaintiff to be able to sue a municipal department, the department must have a separate legal existence from the municipality.  *Darby*, 939 F.2d at 313.  "Unless the political entity that created the department has taken 'explicit steps to grant the servient agency with jural authority,' the

-13-

department lacks the capacity to sue or be sued." *Paredes*, 128 F.Supp. 2d at 1013 (quoting Darby, 939 F.2d at 313).

Courts have cited the Law of Municipal Corporations as the rule on the issue of when a department may be sued separately from the municipality. The treatise states:

> In the discharge of a duty primarily resting upon the municipality, generally the rule is that a department acts as its agent although the department may have full power in the particular matter involved. However, the department may be made responsible as a corporation, and not the city, where the charter or a legislative act may so provide. In that event liability for acts done or omitted by it is in its corporate capacity. Where the department, for example, a fire, police, health, education, overseers of the poor, and the like, is a corporation, or a quasi-corporation, with functions peculiar to such bodies which are performed separately from the functions of the municipality, these bodies are responsible as corporations and may sue and be sued as such. But if the board or department is not a corporate body it cannot be sued as such, e.g., a police board, a board of workhouse directors, a board of park commissioners, a housing authority, or a board of public works . . .

3 Eugene McQuillan, *The Law of Municipal Corporations* §12.40 (1990)

In *Thomas v. Wilmington Police Dep't*, 1994 Del. Super. LEXIS 266, at *4-5 ( Del. Super. Ct. 1994) the Delaware Superior Court utilized the rule set forth above to address the issue of whether the Wilmington Police Department is subject to suit. The Court found that based upon *Wilmington City Charter* Sec. 3-100, the Wilmington Police Department is merely a department of the City of Wilmington and cannot be sued. *See id.* at *5-6, 8. The *Wilmington City Charter* states in pertinent part:

> Article III.      Executive and Administrative Branch – Organization
> Chapter 1.      Officers, departments, boards, commissions and other agencies.
> Sec. 3-100      Executive and administrative officers, departments, boards, commissions and agencies designated.
> The executive and administrative work of the city shall be performed by...
> (d)      The following departments which are hereby created: . . .
> Police department;
> Fire department . . . .

(*See Wilmington City Charter*, § 3-100, A-41-42). In granting summary judgment in favor of Defendant Wilmington Police Department, the Court in *Thomas* concluded that § 3-100 "of the *Wilmington Charter* shows that the Wilmington Police Department 'is not a separate entity, but rather a department of the city

itself.'" *See Thomas,* 1994 Del. Super. LEXIS 266, at *6 (quoting *Davis v. Wilmington Police Force at Wilmington City Hall*, C.A. No. 88-72-LON, Magistrate Robinson (Report and Recomm. Dec. 21, 1988, Adopted Jan. 18, 1989)).  This same conclusion was reached in *Washington v. Wilmington Police Dep't*, 1995 Del. Super. LEXIS 472, at *9 (Del. Super. 1995) (holding that the Wilmington Police Department was not a separate juridical entity that was subject to suit).  Like the police department, the Wilmington Fire Department is also merely a department of the City of Wilmington pursuant to § 3-100 of the *Wilmington Charter*.  (*See Wilmington City Charter*, § 3-100(d), A-41-42). Therefore, the Wilmington Fire Department, likewise, is not subject to suit.

Based upon the well-settled rule of law that unincorporated municipal departments are not separate juridical entities from the municipalities themselves, the Third Circuit has recently held that unincorporated police departments are not legal entities amenable to suit.  *Padilla v. Township of Cherry Hill*, 2004 U.S. App. LEXIS 20763, at *16 (3rd Cir. Oct. 5, 2004); *accord, Thomas v. City of Philadelphia*, 2002 U.S. Dist. LEXIS 12264, at *5-6 (E.D. Pa. Feb. 7, 2002)(holding that the Philadelphia Police Department does not have a corporate existence separate from the city so as to permit suit); *see also, Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)(dismissing suit against county sheriff's department because "sheriff's departments and police departments are not usually considered legal entities subject to suit").  Similarly, courts within the Third Circuit have held that unincorporated municipal fire departments do not have a separate corporate existence from the municipality so as to permit them to be sued for civil rights violations.  *See Regalbuto v. City of Philadelphia*, 937 F.Supp. 374, 377 (E.D. Pa. Dec. 12, 1995), *aff'd*, 91 F.3d 125 (3d Cir. 1996) (dismissing § 1983 claims against the Philadelphia Fire Department because it was not a separate legal entity that could be sued); *Douglas v. Healy*, 2003 U.S. Dist. LEXIS 4922, at *2 n.1 (E.D. Pa. Feb. 28, 2003) (dismissing § 1983 claims against the Philadelphia Fire Department on the basis that it was not a separate legal entity against which suit could be maintained); *Bianchi v. City of Philadelphia*, 183 F.Supp.2d 726, 734 n.5 (E.D. Pa. Jan. 7, 2002) (dismissing Title VII and state law employment discrimination claims against the

Philadelphia Fire Department because the law was clear that it had no separate corporate existence from the City of Philadelphia and could not be sued).

This position has found significant support in other jurisdictions. Federal courts have held that for purposes of civil rights statutes, a municipal police department is not subject to suit. *See, Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364, 1371 (4th Cir. 1989) (dismissing claim because, *inter alia*, the Baltimore police department was not a "person" for purposes of section 1985); *Crawford v. Pennsylvania*, 2003 U.S. Dist. LEXIS 16358, at *11 (M.D. Pa. Sept. 12, 2003)("Although there is no precedential ruling on point, courts are in agreement that the definition of 'person' in section 1985 and 1986 is the same as that in section 1983); *Gaines v. Univ. of Pennsylvania Police Dep't*, 1997 U.S. Dist. LEXIS 15460, at *8 (E.D. Pa. Oct. 6, 1997) ("police departments are purely instrumentalities of the municipality with no separate identity"); *PBA Local No. 38   v. The Woodbridge Police Dep't*, 832 F. Supp. 808, 825-826 (D. N.J. 1993)(collecting cases); *Smith-Berch, Inc. v. Baltimore County*, 68 F.Supp. 2d 602, 626-627)(D. Md. 1999)(collecting cases). Likewise, federal courts in other jurisdictions have held that municipal fire departments have no separate legal existence from the municipalities they serve, and therefore, cannot be sued. *See M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 199 F.Supp.2d 40, 43, 52 (W.D.N.Y. 2002) (dismissing claims pursuant to Title VII, § 1981, § 1983 and § 1985(3) against the City of Buffalo Fire Department because the department was not a separate legal entity that was susceptible to suit); *Capozzi v. City of Olean*, 910 F.Supp. 900, 904, 906 (W.D.N.Y. 1995) (dismissing § 1983 claims against the City of Olean Fire Department on the grounds that it was merely a department or agency of the City of Olean and was not the real party in interest); *cf., Tibbs v. Williams*, 263 F.Supp.2d 39, 41 (D.D.C. 2003)(dismissing § 1983 claims against the District of Columbia "Fire and EMS Fire Department" on the basis that it was "not a legal entity subject to suit, separate and apart from the District of Columbia").

Indeed, this Court has previously dismissed civil rights claims against the Wilmington Police Department for the reasons set forth above. In *Brown v. Pfaff*, 2004 U.S. Dist. LEXIS 3944, at *7 (D. Del.

Mar. 3, 2004), citing several opinions from circuit and district courts, this Court concluded:

> A municipal police department . . . is not a 'person' within the meaning of Section 1983. Consequently, the Wilmington Police Department is entitled to summary judgment as a matter of law.

There is some contrary authority in this district which Defendant respectfully urges should not be followed. Defendant respectfully suggests that this Court's holding in *Jamison v. Wilmington Police Dep't*, 2004 U.S. Dist. LEXIS 22004, at *7 (D. Del. Oct. 12, 2004) that the Wilmington Police Department was a local municipality and was, therefore, a person subject to suit under § 1983, should not be followed in light of the Third Circuit's recent decision in *Padilla*, 2004 U.S. App. LEXIS 20763, at *16. In *Padilla*, the Court held that unincorporated police departments are not legal entities amenable to suit. *Id.* at *16. Specifically, the Third Circuit stated:

> Rivera's claim against the Police Department is equally unsuccessful because the Police Department cannot be sued. In section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate juridical entity. Because the Police Department is merely an arm of the Township, the summary judgment granted to the Police Department on the §1983 claim was proper. See N.J.S.A. 40A:14-118 (proclaiming that New Jersey police departments are "an executive and enforcement function of municipal government.")

*Id.* The Third Circuit's holding in *Padilla* is consistent with this Court's previous holding in *Brown v. Pfaff*, 2004 U.S. Dist. LEXIS 3944, at *7 (D. Del. March 3, 2004) wherein the Court stated: "A municipal police department . . . is not a 'person' within the meaning of Section 1983. "

Defendant respectfully suggests, for the following reasons, that the Court should follow its earlier holding in *Brown v. Pfaff*, rather than its holding in *Jamison*. First, *Jamison* was decided only a week after the Third Circuit's holding in *Padilla,* and consequently, *Padilla* was not brought to the attention of this Court. Second, in *Brown* the Court considered five other cases holding that a municipal police department is not a "person" for purposes of § 1983. *See* 2004 U.S. Dist. LEXIS 3944, at *7. None of those authorities was expressly considered or mentioned in *Jamison*. *See* 2004 U.S. Dist. LEXIS 22004. Third, *Jamison* cited

-17-

no authority for the proposition that the "police department is a local municipality" (*see id.* at *7), and Defendant is not aware of any authorities supporting this proposition. However, there are federal authorities expressly holding that a police department is **not** a local municipality. *See, e.g., Reed v. Hartford Police Dep't*, 2004 U.S. Dist. LEXIS 6237, at *6 (D. Conn. Apr. 6, 2004) (dismissing §1983 action against police department and reasoning that a "municipal police department . . . is not a municipality."). Fourth, the authority cited in *Jamison* does not stand for the proposition that a police department is a "person." In *Calloway v. Boro of Glassboro Dep't of Police*, 89 F. Supp. 2d 543, 558 (D. N.J. 2000) the court found no evidence to support the claim that the police department deprived the plaintiff of her constitutional rights and it granted summary judgment on that basis. Thus, it never reached the issue as to whether the police department was a "person."

Given the above, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Wilmington Fire Department. As the Wilmington Fire Department is the only Defendant in this action (*see* Jobes Complaint, A-1), all of Plaintiffs' claims must be dismissed.

## IV.    Plaintiffs' Complaint Fails to State a Valid Claim Against the Wilmington Fire Department for Damages in Excess of $300,000.00

Although Plaintiffs' Complaint demands damages in the amount of $5 million from the Wilmington Fire Department (*see* Jobes Complaint, A-3, ¶ 11), Plaintiffs' damages, if any, are limited to a maximum of $300,000 pursuant to 42 *U.S.C.* § 1981a(b)(3)(D). As explained above, the Fire Department has no separate legal existence from the City of Wilmington. The maximum permissible amount of damages awarded in a Title VII employment discrimination case against an employer such as the City of Wilmington which has more than 500 employees is $300,000. *See* 42 *U.S.C.* § 1981a(a)(1) and (b)(3); *Blackshear v. City of Wilmington*, 15 F.Supp.2d 417, 430 (D.Del. 1998) (construing 42 *U.S.C.* § 1981a(b)(3)). This maximum allowable award of $300,000 includes both compensatory and punitive damages. *Blackshear*, 15 F.Supp.2d at 430. Consequently, the Complaint fails to state a claim upon which relief can be granted against the

-18-

Wilmington Fire Department for damages in excess of $300,000.

**V.    Plaintiffs' Complaint Fails to State a Valid Claim Against the Wilmington Fire Department for Punitive Damages.**

Plaintiffs' Complaint does not refer to the damages sought against the Wilmington Fire Department as "punitive damages". (*See* Jobes Complaint, A-3, ¶ 11). However, it is apparent from the high dollar amount of the damages requested that Plaintiffs are essentially demanding punitive damages against the Defendant. (*See id.*). Plaintiffs' Complaint fails to state a valid claim for punitive damages against the Wilmington Fire Department because punitive damages are not available against municipalities, government agencies and political subdivisions for violations of Title VII as a matter of law. *See Blackshear*, 15 F.Supp.2d at 430. In *Blackshear*, the District of Delaware held that punitive damages are not available against a municipality for violations of Title VII. *Id.* Although 42 *U.S.C.* § 1981a(a)(1) and (b)(1) provide that punitive damages are available against an employer who violates Title VII, governmental subdivisions are specifically excluded from this statutory provision. *See* 42 *U.S.C.* § 1981a(a)(1) and (b)(1); *Blackshear*, 15 F.Supp.2d at 430 and n. 6 and 7. 42 *U.S.C.* § 1981a(b)(1) states, in relevant part, that "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ." In *Blackshear*, 15 F.Supp.2d at 430 and n.7, the Court concluded that, as a municipal corporation, the City of Wilmington is a governmental subdivision that is not subject to punitive damages for Title VII violations pursuant to 42 *U.S.C.* § 1981a(b)(1).

All of the Plaintiffs' claims in this case are brought pursuant to Title VII. (*See* Jobes Complaint, A-1-3). As explained above, the Wilmington Fire Department has no separate legal existence from the City of Wilmington, which is a municipality. Further, as a department of the City, the Wilmington Fire Department clearly constitutes a political subdivision or government agency. Because punitive damages are not available against a government, government agency or political subdivision under Title VII, the Complaint fails to state a claim upon which relief can be granted against the Wilmington Fire Department for punitive damages.

-19-

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Plaintiffs' Complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

> /s/ Andrea J. Faraone
> Andrea J. Faraone (I.D. #3831)
> City of Wilmington Law Department
> Louis L. Redding City/County Building
> 800 French Street, 9th Floor
> Wilmington, Delaware 19801-3537
> (302) 576-2175
> Attorney for Defendants