IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Gallant Blazer, Inc., President James R. Jobes:
Terrance Gadson, Bracey C. Dixon, Jr.,    :
Fred Cooper, Anel Collins and        :
Corey Ferrell                              :
                                        :
          Plaintiffs,        :
                                        :
   v.                        :     C.A. No. 05-479 SLR
                                        :
City of Wilmington Fire Department,   :
                                        :
         Defendant.        :

APPENDIX TO DEFENDANT'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS

Andrea J. Faraone, Esquire (I.D. #3831)
City of Wilmington Law Department
Louis L. Redding City/County Building
800 N. French Street, 9th Floor
Wilmington, DE 19801
(302) 576-2175
Attorney for Defendants

TABLE OF CONTENTS

PAGE

Jobes' Complaint dated July 11, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-1

Jobes' Case Docket Sheet  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-6

Order dated February 10, 2006  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-10

Order dated March13, 2006 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-11

Request for Reconsideration  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-13

Request for Voluntarily Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-20

Memorandum Order dated June 14, 2006  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-22

Jobes' Charge of Discrimination dated May 28, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-27

Jobes' Right-to-Sue Letter dated April 20, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-29

Dixon's EEOC Charge of Discrimination dated December 1, 2003 . . . . . . . . . . . . . . . . . . A-31

Dixon's Complaint dated May 24, 2006  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-33

Dixon's Right-to-Sue Letter dated May 28, 2004 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-40

Wilmington City Charger §3-100  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A-41

(Del. Rev. 12/98)

R E C E I V E D

JUL 11 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

_Gallant Blazer Inc._
_James R. Jobes, President_

_Terrance Gadson, Bracey Dixon, Fred Cooper, Amel Collins_
(Name of Plaintiff or Plaintiffs)  _Corey Ferrell_

05 - 479

v.                    CIVIL ACTION NO. _____

_City of Wilmington Fire Department_

_____
(Name of Defendant or Defendants)

### COMPLAINT

1.   This action is brought pursuant to _42 U.S.C. 2000 e-5_
                                        (Federal statute on which action is based)
for discrimination related to _Race, hiring, Promotion_ jurisdiction exists by virtue of
                        (In what area did discrimination occur? e.g. race, sex, religion)
_42 USC 2000 e-5_ .0.
(Federal statute on which jurisdiction is based)

2.   Plaintiff resides at _106 W 42nd Street_
                                    (Street Address)
_Wilmington    New Castle    Delaware    19802_
    (City)        (County)        (State)        (Zip Code)
_302-762-0607_ .
(Area Code) (Phone Number)

A-1

3.   Defendant resides at, or its business is located at _300 N Walnut St_
                                                    (Street Address)
_Wilmington    New Castle    Delaware    19801_
    (City)        (County)        (State)        (Zip Code)

4.   The alleged discriminatory acts occurred on _Over Period of time_
                                            (Day)        (Month)        (Year) .

5.   The alleged discriminatory practice  (Q is)   Q is not continuing.

6.     Plaintiff(s) filed charges with the ___*EEOC*___

(Agency)

___*21 S. Fifth St. Suite 400     Philadelphia, PA 19106-2515*___

(Street Address)          (City)          (County)       (State)   (Zip)

regarding defendant(s) alleged discriminatory conduct on: _____

(Date)

7.     Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.     Was an appeal taken from the agency's decision?     Yes  Q     (No Q)

If yes, to whom was the appeal taken?_____

9.     The discriminatory acts alleged in this suit concern:   (Describe facts on additional sheets if necessary)

*I Allege that Wilmington's Black & Hispanic Fire fighters as a whole are being discriminated against in violation of Title VII of the Civil Rights Act of 1964. I contend that Blacks & Hispanics are disciplined more severely than whites for similar work rule violations. Respondent's hiring & Promotional policies and practices have a disparate impact upon Blacks + Hispanics.*

10.                    Defendant's conduct is discriminatory with respect to the following:

(A.)   Q     Plaintiff's race

(B.)   Q     Plaintiff's color

C.     Q     Plaintiff's sex

D.     Q     Plaintiff's religion

E.     Q     Plaintiff's national origin

A-2

11.     Plaintiff prays for the following relief:    (Indicate the exact relief requested)

Will be determined at a later date. No
Less than 5 million dollars.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: _11 July 2005_

_(Signature of Plaintiff)_

A-3

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Plaintiff
V.

Case Number:

Defendant

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

A-4

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____        _____
Date                                           United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Bracy Dixon , Fred Coopper
Terence Gudson, & Corey Ferrell

V.

**SUMMONS IN A CIVIL CASE**

City of Wilmington
Fire Department

CASE NUMBER: 1 : 05-cv-00479 SLR

TO: (Name and address of Defendant)

City of Wilmington, Fire Department
800 N. French St.
Wilmington, De 19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bracy C. Dixon Jr.
806 w. 34th St.
Wilmington, De 19802
302-764-1130

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

A-5

PETER T. DALLEO

MAY 2 4 2006

CLERK                                              DATE

Evette Watson

(By) DEPUTY CLERK

PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00479-SLR

Gallant Blazer Inc. et al v. City of Wilmington Fire
Department
Assigned to: Honorable Sue L. Robinson
Related Case: 1:06-cv-00344-SLR
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 07/11/2005
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Gallant Blazer Inc.**                represented by **Gallant Blazer Inc.**
PRO SE

**Plaintiff**

**President James R. Jobes**           represented by **James R. Jobes**
James R. Jobes, Pro se
106 W 42nd Street
Wilmington, DE 19802
(302) 762-0607
PRO SE

**Plaintiff**

**Terrance Gadson**                    represented by **Terrance Gadson**
Terrance Gadson, Pro Se
2505 N. Heald Street
Wilmington, DE 19802
(302) 559-1242
PRO SE

**Plaintiff**

**Bracey C. Dixon, Jr.**               represented by **Bracey C. Dixon, Jr.**
Bracy C. Dixon, Jr., Pro Se
806 W. 34th Street
Wilmington, DE 19802
(302) 764-1130
PRO SE

**Plaintiff**

**Fred Cooper**                        represented by **Fred Cooper**
Fred Cooper, Pro Se
28 Wick Drive
Parksburg, PA 19365
(302) 377-9623
PRO SE

A-6

**Plaintiff**

**Anel Collins**                                      represented by    **Anel Collins**
                                                                        Anel Collins, Pro Se
                                                                        615 W. 31st Street
                                                                        Wilmington, DE 19802
                                                                        (302) 293-7053
                                                                        PRO SE


**Plaintiff**

**Corey Ferrell**                                     represented by    **Corey Ferrell**
                                                                        Corey Ferrell, Pro Se
                                                                        2713 W. 3rd Street
                                                                        Wilmington, DE 19805
                                                                        (302) 275-0839
                                                                        PRO SE


V.

**Defendant**

**City of Wilmington Fire Department**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2005 | 1 | COMPLAINT filed against City of Wilmington Fire Department - Magistrate Consent Notice and Rule 4 to Pltf. ( Filing fee $ 250, receipt number 139897.) - filed by James R. Jobes. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Consent Form # 3 Acknowledgement of Rule 4)(els, ) (Entered: 07/12/2005) |
| 07/11/2005 | | No Summons Issued (els, ) (Entered: 07/12/2005) |
| 07/20/2005 | | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 07/20/2005) |
| 02/10/2006 | 2 | ORDER TO SHOW CAUSE, on or before 2/28/2006, pltfs shall show cause why this case should not be dismissed for failure to serve process within 120 days of filing the complaint. Signed by Judge Sue L. Robinson on 2/10/06. (fmt, ) (Entered: 02/10/2006) |
| 03/13/2006 | 3 | ORDER; this case is DISMISSED WITHOUT PREJUDICE for failure to serve process within 120 days of filing the complaint. Signed by Judge Sue L. Robinson on 3/13/06. (fmt, ) (Entered: 03/13/2006) |
| 03/20/2006 | | CASE CLOSED (rld, ) (Entered: 03/20/2006) |
| 04/17/2006 | 4 | MOTION for Reconsideration re 3 Order with a copy of the complaint signed by Bracy C. Dixon, Jr., Terrence Gadson and Corey Ferrell - filed by Terrance Gadson, Bracey Dixon, Corey Ferrell. (Attachments: # 1 complaint# 2 attachments)(fmt, ) (Entered: 04/18/2006) |

A-7

| 04/18/2006 | | Remark: Plaintiff's addresses added to docket as provided in D.I. 4. (rbe, ) (Entered: 04/18/2006) |
|---|---|---|
| 05/12/2006 | 5 | MOTION to Withdraw from Civil Action - filed by James R. Jobes, Anel Collins. (fmt, ) (Entered: 05/15/2006) |
| 05/24/2006 | | Summons Issued as to City of Wilmington Fire Department on 5/24/2006. (eew) (Entered: 05/24/2006) |
| 06/13/2006 | 6 | Letterfrom Bracy C. Dixon, Jr. regarding summons. (fmt, ) (Entered: 06/14/2006) |
| 06/13/2006 | 7 | Return of Service Executed by Bracey C. Dixon, Jr. City of Wilmington Fire Department served on 6/5/2006, answer due 6/26/2006. (fmt, ) (Entered: 06/14/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/19/2006 11:54:15 | | | |
| **PACER Login:** | ci0009 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00479-SLR Start date: 1/1/1970 End date: 6/19/2006 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

A-8

| 04/18/2006 | | Remark: Plaintiff's addresses added to docket as provided in D.I. 4. (rbe, ) (Entered: 04/18/2006) |
|---|---|---|
| 05/12/2006 | 5 | MOTION to Withdraw from Civil Action - filed by James R. Jobes, Anel Collins. (fmt, ) (Entered: 05/15/2006) |
| 05/24/2006 | | Summons Issued as to City of Wilmington Fire Department on 5/24/2006. (eew) (Entered: 05/24/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/05/2006 15:37:15 | | |
| **PACER Login:** | ci0009 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:05-cv-00479-SLR Start date: 1/1/1970 End date: 6/5/2006 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

A-9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GALLANT BLAZER, INC., <br> PRESIDENT JAMES R. <br> JOBES, TERRANCE GADSON, <br> BRACEY DIXON, FRED <br> COOPER, ANEL COLLINS, <br> and COREY FERRELL, <br><br>      Plaintiffs, <br><br>   v. <br><br> CITY OF WILMINGTON FIRE <br> DEPARTMENT, <br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civ. No. 05-479-SLR<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

At Wilmington this ___10th___ day of February, 2006, the complaint in the above-captioned case having been filed on July 11, 2005;

IT IS ORDERED that, on or before **February 28, 2006**, plaintiffs shall show cause why this case should not be dismissed for failure to serve process within 120 days of filing the complaint, pursuant to Fed. R. Civ. P. 4(m).

_____
UNITED STATES DISTRICT JUDGE

A-10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GALLANT BLAZER, INC.,<br>PRESIDENT JAMES R.<br>JOBES, TERRANCE GADSON,<br>BRACEY DIXON, FRED<br>COOPER, ANEL COLLINS,<br>and COREY FERRELL, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. No. 05-479-SLR |
| CITY OF WILMINGTON FIRE<br>DEPARTMENT, | ) ) ) | |
| Defendant. | ) ) | |

**O R D E R**

At Wilmington this _13th_ day of March, 2006, the complaint

in the above-captioned case having been filed on July 11, 2005,

and the plaintiffs having failed to show cause why this case

should not be dismissed for failure to serve process as ordered

by the court (D.I. 2);

IT IS ORDERED that this case is DISMISSED WITHOUT PREJUDICE

for failure to serve process within 120 days of filing the

complaint as required by Fed. R. Civ. P. 4(m).

UNITED STATES DISTRICT JUDGE

A-11

**City of Wilmington Fire Department**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2005 | �e1 | COMPLAINT filed against City of Wilmington Fire Department - Magistrate Consent Notice and Rule 4 to Pltf. ( Filing fee $ 250, receipt number 139897.) - filed by James R. Jobes. (Attachments: # 1 Civil Cover Sheet # 2 Acknowledgement of Consent Form # 3 Acknowledgement of Rule 4)(els, ) (Entered: 07/12/2005) |
| 07/11/2005 | �e | No Summons Issued (els, ) (Entered: 07/12/2005) |
| 07/20/2005 | �e | Case assigned to Judge Sue L. Robinson. Please include the initials of the Judge (SLR) after the case number on all documents filed. (rjb, ) (Entered: 07/20/2005) |
| 02/10/2006 | �e2 | ORDER TO SHOW CAUSE, on or before 2/28/2006, pltfs shall show cause why this case should not be dismissed for failure to serve process within 120 days of filing the complaint. Signed by Judge Sue L. Robinson on 2/10/06. (fmt, ) (Entered: 02/10/2006) |
| 02/22/2006 | | ***Set Paper Documents Flag (rbe, ) (Entered: 02/22/2006) |
| 03/13/2006 | �e3 | ORDER; this case is DISMISSED WITHOUT PREJUDICE for failure to serve process within 120 days of filing the complaint. Signed by Judge Sue L. Robinson on 3/13/06. (fmt, ) (Entered: 03/13/2006) |
| 03/20/2006 | �e | CASE CLOSED (rld, ) (Entered: 03/20/2006) |

A-12

The Honorable Sue L. Robinson
U. S. District Court
District of Delaware

**U.S. District Court**
**District of Delaware (Wilmington)**
**CIVIL DOCKET FOR CASE #: 1:05-cv-00479-SLR**

Bracy C. Dixon Jr.
806 w 34th st
Wilmington, Delaware 19802

Your Honor,

 *Am writing this letter in an effort to have a case reopened, for the following reasons. Please understand we accept responsibility for what has occurred and our ignorance is not an excuse. The case in question is # 1:05-cv-00479-SLR. James R. Jobes, the President of the Gallant Blazers Inc; an organization formed in 1970 to alleviate racial discrimination on the Wilmington Fire Department; did file with the court clerk as instructed by the body. Unfortunately he only provided one address and phone number as contact information, his own. The other five plaintiffs could not be notified or contacted by the court. We firmly believe, but can not prove, Mr. Jobes fell victim to pressure and succumbed to scare tactics from the City administration. For this reason he never informed us of rule #4, the various correspondence he received from the court, nor that the case had been dismissed. I, through investigation, found out while attempting to file another civil action based on retaliation and career sabotage. We have worked extremely hard with the EEOC, exhausted all our funds on legal advice, and now our President has coward in the shadows of tyranny and oppression. Together we will not be afraid. I have enclosed the original complaint, and a copy with the signatures of all the plaintiffs. The contact information, to include address and phone numbers for each plaintiff is attached. I assure you we have read, and understand rule #4.  Please consider our request, and allow us to move forward with starting all over again. In the name of Justice , We thank you.*

*Bracy C. Dixon Jr.*                    *Fred Cooper*                    *Terrence Gadson*


*Corey Ferrell*                    *Anel Collins*

A-13

Bracy C. Dixon Jr.
806 W 34th St
Wilmington, Delaware 19802
302-764-1130 hm
302-377-4529 cell


Terrence Gadson
2505 N. Heald St.
Wilmington, Delaware 19802
302-559-1242


Fred Cooper
28 Wick Dr.
Parksburg, Pa. 19365
302-377-9623


Corey Ferrell
2713 W. 3rd St
Wilmington, Delaware 19805
302-275-0839


Anel Collins
615 W 31st St.
Wilmington, Delaware 19802
302-293-7053

A-14

UNITED STATES
DISTRICT COURT
District of Delaware
Wilm. Division

# 139897 — ED
July 11, 2005

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CIVIL FI 1-05-CV-479 | | 1 @ | 250.00 |
| | | | 250.00 CA |

Total—>          250.00


FROM: JAMES J. JOBES
      106 WEST 42ND STREET
      WILMINGTON, DE 19802

*A-15*

(Del Rev 12/98)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
JUL 1 1 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

GALLANT BLAZER INC.
JAMES R. JOBES, President

TERRANCE GADSON, BRACEY DIXON, FRED COOPER, ANEL COllINS
(Name of Plaintiff or Plaintiffs)  COREY FERRELL

0 5 - 4 7 9

v.                               CIVIL ACTION NO. _____

City of Wilmington Fire Department

_____
(Name of Defendant or Defendants)

## COMPLAINT

1.    This action is brought pursuant to __42 U.S.C. 2000 e-5__
(Federal statute on which action is based)
for discrimination related to __RACE, hiring, Promotion__ jurisdiction exists by virtue of
(In what area did discrimination occur? e.g. race, sex, religion)
__42 USC 2000 e-5__ .0.
(Federal statute on which jurisdiction is based)

2.    Plaintiff resides at __106 W 42nd Street__
(Street Address)
__Wilmington   New Castle   Delaware   19802__
(City)      (County)      (State)      (Zip Code)
__302-762-0607__
(Area Code) (Phone Number)

3.    Defendant resides at, or its business is located at __300 N Walnut St__
(Street Address)
__Wilmington   New Castle   Delaware   19801__
(City)      (County)      (State)      (Zip Code)

4.    The alleged discriminatory acts occurred on __Over period of time__
(Day)       (Month)       (Year)

5.    The alleged discriminatory practice ( Q is )  Q is not continuing.

A-16

6.    Plaintiff(s) filed charges with the ___*EEOC*___

(Agency)

___*21 S. Fifth St. Suite 400    Philadelphia, PA  19106-2515*___

(Street Address)        (City)        (County)        (State)    (Zip)

regarding defendant(s) alleged discriminatory conduct on: _____

(Date)

7.    Attach decision of the agency which investigated the charges referred in paragraph 6 above.

8.    Was an appeal taken from the agency's decision?        Yes    Q        (No Q)

If yes, to whom was the appeal taken?_____

9.    The discriminatory acts alleged in this suit concern:   (Describe facts on additional sheets if necessary)

*I Allege that Wilmington's Black & Hispanic Firefighters*

*As A whole Are being discriminated Against in violation of Title*

*VII of the Civil Rights Act of 1964, I contend that Blacks &*

*Hispanics Are disciplined more severely than whites for similiar*

*Work rule Violations. Respondent's hiring & Promotional policies*

*And practices have A disparate impact upon Blacks & Hispanics.*

10.        Defendant's conduct is discriminatory with respect to the following:

A.    Q    Plaintiff's race
B.    Q    Plaintiff's color
C.    Q    Plaintiff's sex
D.    Q    Plaintiff's religion
E.    Q    Plaintiff's national origin

A-17

11.    Plaintiff prays for the following relief:    (Indicate the exact relief requested)

Will be determined At A later dAte. No
Less than 5 million dollars.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 11 July 2005

(Signature of Plaintiff)

A-18

CLOSED, PaperDocuments

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:05-cv-00479-SLR
## Internal Use Only

| | |
|---|---|
| Gallant Blazer Inc. et al v. City of Wilmington Fire Department | Date Filed: 07/11/2005 |
| Assigned to: Honorable Sue L. Robinson | Jury Demand: None |
| Cause: 42:2000 Job Discrimination (Race) | Nature of Suit: 442 Civil Rights: Jobs |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Gallant Blazer Inc.**                    represented by    **Gallant Blazer Inc.**
                                                              PRO SE

**Plaintiff**

**President James R. Jobes**               represented by    **James R. Jobes**
                                                              James R. Jobes, Pro se
                                                              106 W 42nd Street
                                                              Wilmington, DE 19802
                                                              302-762-0607
                                                              PRO SE

**Plaintiff**

**Terrance Gadson**                        represented by    **Terrance Gadson**
                                                              PRO SE

**Plaintiff**

**Bracey Dixon**                           represented by    **Bracey Dixon**
                                                              PRO SE

**Plaintiff**

**Fred Cooper**                            represented by    **Fred Cooper**
                                                              PRO SE

**Plaintiff**

**Anel Collins**                           represented by    **Anel Collins**
                                                              PRO SE

**Plaintiff**

**Corey Ferrell**                          represented by    **Corey Ferrell**
                                                              PRO SE

V.

**Defendant**

A-19



# U.S. District Court
## District of Delaware (Wilmington)
## Civil Docket for Case #:1:05-cv-00479-SLR

# MOTION:

Your Honor,

I, James Jobes and Anel Collins: both would like to formally request to be removed from the civil action(s) mentioned above. This request in no way is intended to discredit the claims of the remaining party(s) involved. Thank you.

James Jobes

Anel Collins

A-20

**Terrance Gadson**
Terrance Gadson, Pro Se
2505 N. Heald Street
Wilmington, DE 19802
(302) 559-1242

**Bracey C. Dixon, Jr.**
Bracy C. Dixon, Jr., Pro Se
806 W. 34th Street
Wilmington, DE 19802
(302) 764-1130

**Fred Cooper**
Fred Cooper, Pro Se
28 Wick Drive
Parksburg, PA 19365
(302) 377-9623

**Corey Ferrell**
Corey Ferrell, Pro Se
2713 W. 3rd Street
Wilmington, DE 19805
(302) 275-0839

Copies of this motion have been hand
delivered to the above named/listed individuals.

A-21

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

GALLANT BLAZER, INC.,           )
PRESIDENT JAMES R.              )
JOBES, TERRANCE GADSON,         )
BRACEY DIXON, FRED              )
COOPER, ANEL COLLINS,           )
and COREY FERRELL,              )
                                )
          Plaintiffs,           )
                                )
     v.                         )   Civ. No. 05-479-SLR
                                )
CITY OF WILMINGTON FIRE         )
DEPARTMENT,                     )
                                )
          Defendant.            )

**MEMORANDUM ORDER**

Plaintiffs, who proceed pro se, filed this discrimination lawsuit on July 11, 2005. (D.I. 1) After plaintiffs failed to respond to a show cause order, on March 13, 2006, the court dismissed the case without prejudice for failure to timely serve process as required by Fed. R. Civ. P. 4. (D.I. 3) Plaintiffs Bracey C. Dixon, Jr., Terrance Gadson, and Correy Ferrell move for reconsideration and seek a reopening of case so that they can move forward with the case. (D.I. 4)

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

A-22

the court issued its order; or (3) the need to correct a clear
error of law or fact or to prevent manifest injustice.  Max's
Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

It is a well settled principle that district courts, upon
determining that process or service of process is insufficient,
have broad discretion in dismissing a plaintiff's complaint.
Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).  In
determining whether to dismiss a complaint, or grant a plaintiff
an extension of time to serve a defendant, the court utilizes a
two step procedure.  McCurdy v. American Bd. Of Plastic Surgery,
157 F.3d 191, 196 (3d Cir. 1998).  First to be determined is
whether good cause exists for an extension of time.  If good
cause is present, the district court must extend time for service
and the inquiry is ended.  If, however, good cause does not
exist, the court may, in its discretion, decide whether to
dismiss the case without prejudice or extend time for service.
Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir.
1995).

Granting the motion for reconsideration is appropriate in
this case.  When the court dismissed the case for lack of
service, the court was unaware that the majority of the
plaintiffs had not received notice of the order to show cause why
the case should not be dismissed for failure to timely serve.
Nor was the court aware that plaintiffs Dixon, Gadson and

-2-

Ferrell's addresses were not provided to the court with the original complaint. Indeed, the moving plaintiffs advise the court that they were never informed by the court or by the first named plaintiff, James R. Jobes, of orders entered by the court or the Rule 4 service requirements. Interestingly, the first named plaintiff, James R. Jobes, and another plaintiff, Anel Collins, recently filed a "request to be removed from this civil action" which the court construes as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a). (D.I. 5)

Plaintiffs have demonstrated good cause for their failure to serve. The first named co-plaintiff, whose address was the only one originally provided to the court, failed to advise the remaining plaintiffs of the service requirements and/or court orders. Moreover, the moving plaintiffs had no notice of the service requirements or dismissal of the case. Once they discovered, inadvertently, that the case had been dismissed for failure to serve, the moving plaintiffs promptly moved the court to reopen the case and allow the case to proceed.

As a housekeeping matter, the court notes that Gallant Blazer, Inc. is a named plaintiff and appears pro se. However, Gallant Blazer, Inc., as a corporation, is not permitted to appear in that status. A corporation cannot appear pro se or by a representative of the corporation, and may only participate in litigation through licensed counsel. Rowland v. California Men's

-3-

Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217 (1993);
Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1996).

Therefore, Gallant Blazer, Inc. is given thirty days from
the date of this order to obtain counsel.  Failure to obtain
counsel will result in the dismissal of Gallant Blazer, Inc. as a
plaintiff in this case.

IT IS THEREFORE ORDERED, at Wilmington this 14th day of
June, 2006, that:

1.    The motion to reconsider (D.I. 4) is GRANTED.

2.    The clerk of the court is directed to reopen the case.

3.    The motion to voluntarily dismiss (D.I. 5) is GRANTED,
the claims brought by James Jobes and Anel Collins are DISMISSED
WITHOUT PREJUDICE, and they are dismissed as a party plaintiffs.

4.    Gallant Blazer, Inc. is given THIRTY (30) days from the
date of this order to obtain counsel.  Failure to obtain counsel
will result in the dismissal of Gallant Blazer, Inc. as a
plaintiff in this case.

5.    Plaintiffs shall effectuate proper service upon
defendants in accordance with Federal Rule of Civil Procedure 4
within THIRTY (30) days from the date of this order.

**Plaintiffs, who proceed pro se, are advised that future
filing must be signed by all plaintiffs.  Filings made on behalf
of all plaintiffs, and that are not signed by all plaintiffs will**

-4-

A-25

be stricken by the court.

_____
UNITED STATES DISTRICT JUDGE

A-26

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

*James W. Ford, (for)*

Mr. ~~Clifton E. Armstead~~
**Chief**
**CITY OF WILMINGTON**
**Fire Department**
**300 N. Walnut Street**
**Wilmington, DE 19801**

| PERSON FILING CHARGE |
|---|
| **James Jobes** |

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**170-2004-01671**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act         [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act     [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____ If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Howard Gurmankin,**
**Supervisory Investigator**

*EEOC Representative*

*Telephone:* **(215) 440-2650**

**Philadelphia District Office**
**21 South 5th Street**
**Suite 400**
**Philadelphia, PA 19106**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**See enclosed copy of charge of discrimination.**

A-27

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **May 28, 2004** | **Marie M. Tomasso,**<br>**District Director** | |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 170-2004-01671 |

Delaware Department Of Labor                                   and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Mr. James Jobes | (302) 593-0350 | 03-27-1966 |

Street Address                         City, State and ZIP Code

106 W. 42nd Street, Wilmington, DE 19802

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CITY OF WILMINGTON, Fire Department | 101 - 200 | (302) 576-3950 |

Street Address                         City, State and ZIP Code

300 North Walnut Street, Wilmington, DE 19801

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                         City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 06-02-2003   Latest 03-08-2004
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I.  I am employed in the position of Captain and am President of the Gallant Blazers, Inc., an association of Wilmington's Black and Hispanic firefighters.    As an employee of the Fire Department, I have observed many personnel decisions  that have adversely affected the employment of Blacks and Hispanics in the Department.

II.  I allege that Wilmington's Black and Hispanic firefighters, as a whole are being discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII). I contend that (1) Blacks and Hispanics are disciplined more severely than Whites for similar work rule violations, (2) Respondent fails to apply its "random" drug testing policy to Blacks and Hispanics in the same manner it is applied to Whites and uses more frequent drug tests to harass Blacks and Hispanics, and (3) Respondent's hiring and promotional policies and practices have a disparate impact upon Blacks and Hispanics, whose opportunities to obtain positions within the Fire Department and to seek advancement within the Department is hindered by rules which favor Whites and favoritism shown toward Whites regarding promotion.

A-28

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4-12-04   *(signature)* James R. Jobes
Date      Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (10/96)



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: James Jobes
106 W. 42nd Street
Wimington, DE 19802

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA 19106-2515

[  ]   *On behalf of person(s) aggrieved whose identity is*
       *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-01671 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available
       for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]   While reasonable efforts were made to locate you, we were not able to do so.

[  ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude
       that the information obtained establishes violations of the statutes. This does not certify that the respondent is in
       compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised
       by this charge.

[  ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of
your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state
court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be
lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA under-
payment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Marie M. Tomasso, District Director_

*April 20, 2005*

*(Date Mailed)*

Enclosure(s)

cc:   City of Wilmington Fire Department
      Samuel Foley, Esquire (For Charging Party)
      Martin C. Meltzer, Assistant City Solicitor (For Respondent)

A-29

EEOC FORM 131 (5/01)

**U. S. Equal Employment Opportunity Commission**    FEB 12 2004

| | PERSON FILING CHARGE |
|---|---|
| **Mr. James Ford**<br>**Chief**<br>**CITY/WILMINGTON FIRE DEPARTMENT**<br>**Public Safety Building**<br>**300 N. Walnut Street**<br>**Wilmington, DE 19801** | **Bracy Dixon, JR**<br><br>THIS PERSON *(check one or both)*<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**170-2004-00607** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ]   No action is required by you at this time.

2. [ ]   Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X]   Please provide by   **09-MAR-04**   a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X]   Please respond fully by   **09-MAR-04**   to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ]   EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by

    to

    If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Rita D. Epperson,**<br>**Supervisory Investigator**<br><br>*EEOC Representative*<br><br>*Telephone:*  **(215) 440-2644** | **Philadelphia District Office**<br>**21 South 5th Street**<br>**Suite 400**<br>**Philadelphia, PA 19106** |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

A-30

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **Feb 09, 2004** | **Marie M. Tomasso,**<br>**Director** | *Marie M. Tomasso* |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 170-2004-00607 |

and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Mr. Bracy Dixon, Jr.** | **(302) 764-1130** | **10-30-1964** |

| Street Address | City, State and ZIP Code |
|---|---|
| **806 W. 34th Street,** | **Wilmington, DE 19802** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **CITY OF WILMINGTON FIRE DEPARTMENT** | **500 or More** | **(302) 576-3950** |

| Street Address | City, State and ZIP Code |
|---|---|
| **800 N. French Street,** | **Wilmington, DE 19801** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [X] RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)* | Earliest: **08-04-2003**   Latest: **08-04-2003**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent as a Firefighter in August 1993. Respondent cross trains a few Firefighters so that they can work in the Fire Marshall's division (Arson Investigation) as well as in Suppression (putting out fires) and Fire Prevention. In order to work in Arson, a Firefighter has to be sent to the Police Academy in order to be able to carry a weapon and make arrests. In order to be considered for cross training, you have to apply. I did so and was chosen for cross training out of approximately 20 individuals. I graduated from the Wilmington Police Academy in January 2001. Since that time, I have not been able to work full-time in the Arson Division. I have only been called to work in Arson on an "as needed" basis.**

**I began to complain about the operations within the department, however, I did not mention race discrimination. I was retaliated against in that I was repeatedly denied overtime and not offered continued training so that I can keep my police certification. I had to use my off time for my training. Normally this training is conducted during duty hours. No explanation was given for this. Further, my gun was confiscated. I was told my gun was being confiscated because I was off sick in early August 2003. I have over 100 days of sick leave - and I followed procedure by calling out sick prior to my shift on the day in question.**

A-31

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Dec 01, 2003**<br>Date        *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 170-2004-00607 |

and EEOC

_State or local Agency, if any_

THE PARTICULARS ARE  _(Continued from previous page):_

On or about August 4, 2003, I learned that three white Firefighters, who have less training than I do, were interviewed for full-time placement in the Arson division. I complained to Chief Ford, who is the head of the Wilmington Fire Department, about this. I said to him I believe this was racially motivated.

I am aware that Gabriel Pabon (W), who was one of three interviewees, accepted the job and was placed into the division in August 2003. I have far more experience and certification than Mr. Pabon. The other two interviewees were John Looney and Daniel Anderson.

Since August 2003, I continued to be denied training and overtime. To the best of my knowledge, there were no other openings in the Arson Department since Mr. Pabon's placement into that department.

I believe I have been discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED – EEOC
PHILADELPHIA D.O.
03 DEC -1 PM 1: 30

A-32

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| **Dec 01, 2003**                            _Date_          _Charging Party Signature_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Bracy C. Dixon Jr

V.

**SUMMONS IN A CIVIL CASE**

City of Wilmington, etal

CASE NUMBER:    0 6 - 3 4 4

TO: (Name and address of Defendant)

City of Wilmington
800 N. French St.
Wilmington, De 19801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Bracy C. Dixon Jr.
806 W 34th St.
Wilmington, De 19802

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

A-33

PETER T. DALLEO
CLERK

MAY 2 4 2006
DATE

Euette Watson
(By) DEPUTY CLERK

06-344

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Bracy Dixon
806 W. 34th St           302-764-1130
Wilmington De 19802

**(b)** County of Residence of First Listed Plaintiff  Newcastle
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS** City of Wilmington, Chief James Ford, Deputy chief Willie Patrick, Battalion Chief George Cunningham.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

2006 MAY 24
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE FILED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                | PTF | DEF |                                                      | PTF | DEF |
|--------------------------------|-----|-----|------------------------------------------------------|-----|-----|
| Citizen of This State          | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State       | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                             | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|---|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C 2000 e-5

Brief description of cause:
Job Discrimination  Racial Discrimination  Retaliation  Career Sabotage  Employment discrim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5 million

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE  Honorable Sue L. Robinson   DOCKET NUMBER  1:05-CV-00479-SLR

DATE  22 May 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

A-34

FILED
2006 MAY 24 AM 9:44
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Del. Rev. 12/98)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Bracy C. Dixon
_____

(Name of Plaintiff or Plaintiffs)

City of Wilmington
Chief James Ford
Deputy chief Willie Patrick
Battalion Chief George Cunningham
_____

(Name of Defendant or Defendants)

CIVIL ACTION No. ___0 6 - 3 4 4___

## *COMPLAINT UNDER TITLE VII*

## *OF THE CIVIL RIGHTS ACT OF 1964*

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination.** Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at ___806   W.  34th  St.___
(Street Address)
__Wilmington__  __Newcastle__  __Delaware__  __19802__
(City)  (County)  (State)  (Zip Code)
__302-764-1130__
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at ___300  N.  Walnut St.___
(Street Address)
__Wilmington__  __Newcastle__  __Delaware__  __19802__
(City)  (County)  (State)  (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's ___City of Wilmington (Fire Dept.)___ place of bussiness
(Defendant's Name)
located at ___300  N.  Walnut St.___
(Street Address)
__Wilmington__  __Newcastle__  __Delaware__  __19801__
(City)  (County)  (State)  (Zip Code)

A-35

5.    The alleged discriminatory acts occurred on   *over a period of time*
                                                    (Day)        (Month)        (Year)

6.    The alleged discriminatory practice   ✓ is   ○ is not  continuing.

7.    Plaintiff filed charges with the Department of Labor of the State of Delaware,

_____
(Agency)          (Street Address)        (City)
_____ , regarding
(County)          (State)                 (Zip Code)

defendant's alleged discriminatory conduct on _____ , _____ , _____ .
                                                (Day)          (Month)          (Year)

8.    Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
regarding defendant's alleged discriminatory conduct on: _____ , _____ , _____ .
                                                          (Day)          (Month)          (Year)

9.    The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
which was received by plaintiff on: _____ , _____ , _____ .
                                     (Day)          (Month)          (Year)

### *(NOTE:   ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)*

10.    The alleged discriminatory acts, in this suit, concern:

A.    ○   Failure to employ plaintiff.

B.    ○   Termination of plaintiff's employment.

C.    ○   Failure to promote plaintiff.

D.    ✓   Other acts (please specify below)

*Retaliation, Career Sabotage, racial discrimination,*

*excessive punishment and extreme disciplinary actions*

*due to my race.*

_____

_____

_____

A-36

Plaintiff prays for the following relief: (Indicated exact relief requested)

5 million dollars from the City of Wilmington, $250,000 from Chief James Ford, Deputy Chief Willie Patrick, and Battalion Chief George Cunningham, each. Cease all unfair, Discrimination, bias treatment, and harassment. Immediate resignation of all three party mentioned above.

22 May 2006

A-37

11.  Defendant's conduct is discriminatory with respect to the following:

A.  ✔  Plaintiff's race

B.  O  Plaintiff's color

C.  O  Plaintiff's sex

D.  O  Plaintiff's religion

E.  O  Plaintiff's national origin

12.  A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13.  If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14.  Plaintiff's has no adequate remedy at law to redress the wrongs described above.

**THEREFORE, Plaintiff prays as follows: (Check appropriate letter(s))**

A.  ✔  That all fees, cost or security attendant to this litigation be hereby waived.

B.  ✔  That the Court appoint legal counsel.

C.  ✔  That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  _22 MAY 06_____

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

A-38

🖉AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____ DELAWARE _____

Plaintiff
V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number: _____

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

A-39

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____
Date               United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED
ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

EEOC Form 161 (10/96)                U.S. E _ .AL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Bracy Dixon
    806 W. 34th Street
    Wilmington, DE 19802

From: Equal Employment Opportunity Commission
      Philadelphia District Office
      The Bourse
      21 S. Fifth Street, Suite 400
      Philadelphia, PA  19106-2515

*On behalf of person(s) aggrieved whose identity is*
[  ]  *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2004-00607 | Legal Unit | 215-440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[  ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ]  Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[  ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[  ]  We cannot investigate your charge because it was not filed within the time limit required by law.

[  ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[  ]  While reasonable efforts were made to locate you, we were not able to do so.

[  ]  You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ x ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ]  Other *(briefly state)*  _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

Marie M. Tomasso, District Director                    may 28, 2004

                                                       *(Date Mailed)*

Enclosure(s)

Information Sheet

cc:   Martin Meltzer, Esq for Respondent

A-40

duty of the council to make subsequent appropriations from year to year to pay amounts coming due under such leases and contracts. The obligation of the city under such leases and contracts shall not be considered to be a part of the indebtedness of the city.

## CHAPTER 4. COUNCILMANIC INQUIRIES AND INVESTIGATIONS

### Sec. 2-400. Inquiries and investigations generally.

The council shall have power by resolution to authorize inquiries and investigations to be conducted by the entire body or by any of its committees in aid of its legislative powers and functions.

### Sec. 2-401. Power to obtain attendance of witnesses and production of documents.

The council shall have power to compel the attendance of witnesses and the production of documents and other evidence at any meeting of the body or of any of its committees.

### Sec. 2-402. Oaths of witnesses.

The presiding officer of the council or of any of its committees shall have power to administer oaths to witnesses.

### Sec. 2-403. Employment of personnel, expenses and cooperation of city departments and agencies.

For the purpose of conducting inquiries and investigations, the council by resolution may employ, or authorize the employment by its committees, and fix the compensation of counsel, experts and employees and authorize such other expenditures as it deems necessary; but a limit of the total cost shall be stated which shall not be exceeded except by vote of the council authorizing additional amounts. However, the council or any of its committees may, with the consent of the head of any department, board or commission of the city, utilize the services, information, facilities and personnel of such department, board or commission.

### Sec. 2-404. Investigations to be public.

All inquiries and investigations conducted by the council or any of its committees shall be open to the public, except when in the opinion of the investigating body, executive sessions are required.

### Sec. 2-405. Rights of witnesses and others.

Any witness appearing before the council or any of its committees may be represented by counsel. Any person whose character shall have been impugned in the course of an inquiry or investigation by the council or by any of its committees shall be given the opportunity to appear with or without counsel, to present evidence, to cross-examine any person who may have impugned his character, and to call witnesses of his own; and the council shall, upon application being made, exercise its subpoena power to compel the attendance of such persons and witnesses.

### Sec. 2-406. Conduct of proceedings.

The conduct of proceedings of councilmanic inquiries and investigations shall be subject to such rules as the council may prescribe. Any person who fails or refuses to obey a lawful order issued in the exercise of these powers by the city council shall be guilty of a misdemeanor and punishable in accordance with a schedule of fines and imprisonment established by the city council. In no event shall a fine exceed five hundred dollars ($500.00) and an imprisonment shall not exceed one year. Any combination of fines and imprisonment shall not exceed both five hundred dollars ($500.00) and one year. The municipal court shall have exclusive original jurisdiction over offenses established under this section.

## ARTICLE III. EXECUTIVE AND ADMINISTRATIVE BRANCH— ORGANIZATION

## CHAPTER 1. OFFICERS, DEPARTMENTS, BOARDS, COMMISSIONS AND OTHER AGENCIES

### Sec. 3-100. Executive and administrative officers, departments, boards, commissions and agencies designated.

The executive and administrative work of the city shall be performed by:

A-41

(a)  The following elected or appointed officers:

  Mayor;

  Administrative assistant to the mayor;

  City auditor;

  City treasurer;

(b)  The administrative board.

(c)  Other heads of departments as hereinafter in this chapter specified or subsequently provided by ordinance.

(d)  The following departments which are hereby created:

  Law department;

  Department of commerce;

  Department of personnel;

  Department of planning and development;

  Department of finance;

  Police department;

  Fire department;

  Department of public works;

  Department of parks and recreation;

  Department of licenses and inspections;

  Auditing department.

(e)  The following independent boards and commissions of the city heretofore or herein created are:

  Board of pensions and retirement;

  Wilmington Housing Authority;

  Wilmington Parking Authority.

(f)  The following departmental boards and commissions, which are either created or placed, as the case may be, in the respective departments as are follows:

  In the department of licenses and inspections:

  Zoning board of adjustment;

  Board of standards and appeals;

  Board of license and inspection review.

  In the department of parks and recreation:

  Wilmington Park Trust Fund Commission.

  In the department of planning and development:

  City planning commission.

  In the department of finance:

  Board of assessment;

  Tax review board.

(g)  Such additional advisory boards as the mayor may appoint.

**Editor's note**—Pursuant to Ord. No. 92-053, the planning department is now the office of planning.

  Subsequently, Ord. No. 93-023 changed office of planning to the planning department.

### Sec. 3-101. Department heads.

Each department shall have as its head an officer who, either personally or by deputy or by a duly authorized agent or employee of the department, and subject at all times to the provisions of this Charter, shall exercise the powers and perform the duties vested in and imposed upon the department.

The following officers shall be the heads of the departments following their respective titles:

City solicitor, of the law department;

Director of commerce, of the department of commerce;

Chief of police, of the police department;

Chief of fire, of the fire department;

Public works commissioner, of the department of public works;

A-42